**STATE of Maine WATER IMPROVEMENT COMMISSION**

v.

**Peter HASTINGS, Administrator of the Estate of John W. Richards, Fred Norman and Michael T. Ballard.**

Supreme Judicial Court of Maine.

July 12, 1967.

James S. Erwin, Atty. Gen., Phillip M. Kilmister, Asst. Atty. Gen., Augusta, for plaintiff.

Neil D. MacKerron, Bridgton, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal. On August 29, 1966, the plaintiff brought a complaint for a preliminary and permanent injunction against the defendants alleging that they were allowing to be discharged into the waters of Crystal Lake outlet, a small brook classified by the Legislature as B–1, untreated human waste which violated the classification of this brook. The complaint also alleged that this discharge of sewage is highly dangerous to aquatic life and rendered

the waters unfit for recreational purposes and human consumption although no specific testimony was introduced as to these latter charges. The evidence showed the defendants to be tenants of the "Morrill Block" which was the subject of the action which we have recently considered entitled State of Maine Water Improvement Commission vs. Gardner Morrill. The Justice below found that the defendants were in violation of 38 M.R.S.A. § 363, and enjoined the further discharge of untreated sewage into the brook by the defendants. From this judgment and injunction the defendants have appealed. The plaintiff's complaint is based upon an alleged violation by the defendants of the provisions of 38 M.R.S.A. § 451.

In Morrill we discussed the authority which 38 M.R.S.A. § 451, gives to the Commission to enforce compliance with the provisions of that section. We concluded there that the Legislature intended that compliance with the section should be enforced by the Commission by order to desist with the right of appeal from such order to the Administrative Hearing Commissioner as provided in that section. An order by the Commission, which has not been complied with, is a prerequisite to legal action by the Commission to enforce compliance or to punish violators.

Here the Commission commenced this action after the testimony in the hearing in Morrill revealed the tenancy of the defendants in the Morrill Block without taking the necessary preliminary step of issuing an order to desist. In this action, although the plaintiff describes itself as "State of Maine Water Improvement Commission", it is clear from the language of the complaint that the Commission and not the State is the plaintiff and although signed by an Assistant Attorney General it is clearly an effort of the Commission itself to enforce compliance without the required preliminary order having been issued.

It cannot be considered as a proceeding instituted by the Attorney General under 38 M.R.S.A. § 454, nor based upon the right of the State to seek to enjoin such pollution as constitutes a nuisance, specifically reserved to the State under 38 M.R.S.A. § 372, as there is no allegation of nuisance. This action then is prematurely brought.

The entry will be:

Appeal sustained.

Complaint dismissed without prejudice.

TAPLEY, J., did not sit.